UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-82-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VERNON HACKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of the United States' Motion to Disqualify attorney V. Katie Gilliam from further representation of Defendant Vernon Hacker. [Record No. 180] The Court held a hearing in this matter on November 22, 2006, at which time counsel for the parties orally addressed the pending motion. Being sufficiently advised, the Court will sustain the United States motion to disqualify.

I. BACKGROUND

On October 5, 2006, the grand jury returned a second superceding indictment charging Defendant Hacker with conspiring with Defendant Richard Todd Roberts, Bobby Joe Curry and others to possess with intent to distribute cocaine and Schedule II and III pills. On that same date, the Defendant was arrested and temporarily detained for an alleged bond violation. The alleged co-conspirator, Bobby Joe Curry ("Curry"), has entered into a plea agreement with the United States, and the United States intends to call Curry as a witness at trial.

At the bond revocation hearing held October 11, 2006, the United States presented evidence alleging that the Defendant was attempting to bribe potential witnesses. Thereafter, United States Magistrate Judge Robert E. Wier directed that the Defendant be detained pending further orders. At all times relevant to this matter, the Defendant was represented by CJA attorney V. Katie Gilliam.

On October 6, 2006, attorney Gilliam was also appointed to represent Stevie Allen Garland ("Garland") in an unrelated London criminal matter docketed as case number 6: 06-cr-115-DCR. Garland was arrested on October 6, 2006, and appeared before Magistrate Judge Wier for a detention hearing on October 11, 2006. Following this hearing, the Magistrate Judge directed that Garland be detained pending further orders.

Prior to November 2, 2006, the FBI interviewed Garland concerning matters he claims to have discussed with the Defendant while in the holding cell at the Federal Courthouse in London, Kentucky. According to the FBI report [Record No. 180, Exhibit 1], Garland stated that the Defendant asked him "what it would take to keep Curry from making it to court." The FBI's report further indicates that Garland stated that Defendant Hacker informed him that "his partner would make it worth his while to take care of Bobby Joe Curry." Garland asserts that he discussed these matters and other significant confidential attorney-client information with attorney Gilliam prior to the Court's dismissal of Gilliam as counsel for Garland. Garland also asserts that he told Curry about his conversation with the Defendant.

On November 2, 2006, attorney Gilliam sent a letter to Assistant United States Attorney Stephen C. Smith. [Record No. 180, Exhibit 2] The body of the letter states as follows:

> I was recently removed as counsel in a case involving Steve Allen Garland. Please advise if you are going to be calling Steve Garland as a witness in the Vernon Hacker case. If so, I could have a potential conflict of interest that may need to be brought to the attention of the Court. Please call me at your earliest convenience.

Subsequently, on November 14, 2006, the United States filed its Motion to Disqualify attorney Gilliam from further representation of Defendant Hacker.

The Court held a hearing on the United States' motion on November 22, 2006. During the hearing, the United States asserted that it intends to call Garland as a witness at trial and that attorney Gilliam would have a conflict of interest based on her prior representation of Garland. Attorney Gilliam stated that she agreed she would have a conflict if Garland is permitted to testify at trial because she obtained information during her representation of Garland that she could use to impeach him on cross-examination.

### II.    ANALYSIS

Generally, a lawyer owes her client a duty to provide competent representation, and loyalty is "an essential element in the lawyer's relationship with a client." Ky. Sup. Ct. R. 1.1, 1.7 cmt. 1 (2006); *see also United States v. Hall*, 200 F.3d 962, 966 (6th Cir. 2000) ("Inherent in the Sixth Amendment right to counsel is the right to reasonably competent counsel and the right to counsel's undivided loyalty."). Thus, when a lawyer is unable to fully and competently represent a defendant's interests, an actual conflict of interest exists and a lawyer "breaches the duty of loyalty, perhaps the most basic of counsel's duties." *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

The Kentucky Rules of the Supreme Court specifically prohibit a lawyer who has formerly represented a client in a matter from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Ky. Sup. Ct. R. 1.9 (2006). The comments to the Kentucky Supreme Court Rules additionally state that "[i]nformation acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client." Ky. Sup. Ct. R. 1.9 cmt. 3 (2006).

In the present case, the United States asserts that it intends to call Garland as a witness in the trial of the Defendant. It appears that Garland's testimony would be relevant and admissible in the Defendant's trial, as such evidence would most likely constitute spoliation evidence. According to the Sixth Circuit, "spoliation evidence, including evidence that defendant attempted to bribe and threatened a witness, is admissible to show consciousness of guilt." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986); *see also United States v. Copeland*, 321 F.3d 582, 598 (6th Cir. 2003) (*citing United States v. Okayfor*, 996 F.2d 116, 120 (6th Cir. 1993) ("[E]vidence that has the tendency to demonstrate a defendant's consciousness of wrongdoing is admissible to establish the defendant's guilt.")). Additionally, such evidence is not subject to Rule 404(b) of the Federal Rules of Evidence, and the Court need not determine whether the alleged attempt to threaten a witness actually occurred. *United States v. Smith*, 139 Fed. Appx 681, 686 (6th Cir. 2005) (unpublished decision) (*citing United States v. Maddox*, 944 F.2d 1223, 1230 (6th Cir. 1991). Finally, "so long as the probative value of such

threats is not substantially outweighed by its prejudicial effect, evidence of threats against witnesses is generally admissible." *Id*. (*citing Copeland*, 321 F.3d at 597).

Therefore, upon preliminary review of the statements allegedly made by the Defendant to Garland, which Garland asserts that he repeated to the potential witness, Curry, it appears that the evidence would be relevant and admissible against the Defendant as spoliation evidence. Attorney Gilliam concedes that if Garland is called as a witness, a conflict of interest will exist because she obtained information from Garland that she could use to impeach him on cross-examination. Attorney Gilliam's position on the potential conflict of interest directly implicates her duties to a former client and her obligation not to disclose confidential information to the disadvantage of her former client. Accordingly, the Court finds that an actual conflict of interest exists that precludes attorney Gilliam from further representation of the Defendant in this matter.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the United States' Motion to Disqualify V. Katie Gilliam from representing the Defendant in this matter [Record No, 180] is **GRANTED**.

This 22nd day of November, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge